UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **Criminal No. 06-154(03) (DSD-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Michael Torres Hernandez,** | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on July 17, 2006, on the pretrial motions of defendant Michael Hernandez. The Government is represented by Jeffrey S. Paulsen, Assistant United States Attorney. Mr. Hernandez (Hernandez) is represented by DeAundres D. Wilson, Esq. This case is scheduled to be tried before U.S. District Court Senior Judge David S. Doty and has been referred to this Court for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Hernandez moves to dismiss the indictment, or in the alternative, for a bill of particulars (Doc. No. 61). He argues that the indictment is vague and should be dismissed. If the indictment is not dismissed, Hernandez alternatively seeks a bill of particulars, so that he has sufficient notice of the charges to prepare for trial.

Where an indictment describes the elements of the charged offense, and contains sufficient information that a conviction or acquittal will bar double jeopardy for the same crime, the indictment is not vague. *United States v. Summers*, 137 F.3d 597, 601 (8th Cir. 1998). An indictment fairly describes

the elements of a charged offense by identifying the crimes that are charged and specifying the federal statutes that are violated. *See United States v. Robinson*, 62 F.3d 234, 236 n. 3 (8th Cir. 1995).

Here the indictment has two counts. The first count charges Hernandez with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, for a period from "about January 2002 to May 10, 2006." The second count charges Hernandez with distribution of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(B), on May 10, 2006.

The indictment identifies the crimes and, by reference to statutes, notifies Hernandez of the elements of the offenses that are charged. By stating the timeframe in which the offenses occurred, the indictment contains sufficient information to prevent Hernandez from being placed in double jeopardy for those offenses. The indictment, therefore, is not vague and dismissal is not appropriate.

To prevent undue prejudice to a defendant at trial, a court has discretion to order that the Government prepare a bill of particulars. Fed. R. Crim. P. 7(f); *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002). Where an indictment is potentially defective, and the defendant faces a risk of unfair surprise at trial, then a bill of particulars serves to inform the defendant about the charges. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993).

As noted previously, the indictment is not vague and does not impair Hernandez' preparation for trial. And the facts in this case are not particularly complex. The complaint alleges that law enforcement, through an informant, learned that three men were involved in the distribution of large quantities of methamphetamine. Working with the informant, an undercover officer set up a sting operation on the evening of May 10, 2006. The informant indicated that two of the men would use a red SUV to deliver

methamphetamine to the site of transaction. When a red SUV arrived at the site, the undercover officer approached and completed the transaction. Three men were arrested, including one of occupant in the SUV, later identified as Hernandez.

This information is more than adequate to inform Hernandez about the basis of the charges against him and to allow him to prepare for trial. So it is not necessary to direct the preparation of a bill of particulars.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Hernandez' motion to dismiss the indictment, or in the alternative, for a bill of particulars (Doc. No. 61) be **DENIED.**

Dated this 18th day of July, 2006.                                   s/Jeanne J. Graham

                                                                                    JEANNE J. GRAHAM
                                                                                    United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 4, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.